**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed September 19, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00672-CR**

---

**IN RE MONZELLE  L. STEPTOE, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 58852**

---

## MEMORANDUM OPINION

On August 30, 2019, relator Monzelle  L. Steptoe filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator names Rhonda Barchak, in her capacity as District Clerk of Brazoria County, Texas, as the respondent, citing her duty to file all papers, and relator requests an order directing the trial court to grant relator's Motion for Appointment of Counsel for Post-Conviction Forensic DNA Testing (the "Motion"), which relator alleges he mailed to the district court on July 8, 2019. An

alleged copy of the Motion is attached to relator's petition, but the Motion has no file stamp indicating that it was received and filed by the clerk.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Texas Family Code in the court of appeals district for the judge who appointed the associate judge. Tex. Gov't Code Ann. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id*. § 22.221(a).

The Brazoria County District Clerk is not among the parties specified in section 22.221(b). Nor has relator alleged or shown that the issuance of a writ is necessary to enforce this court's jurisdiction. *See id*. § 22.221(a). This court lacks jurisdiction to issue a writ of mandamus against the Brazoria County District Clerk in this case.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).